UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DAVID CORTES,

                                  Plaintiff,                                 **MEMORANDUM
       AND ORDER**

      - against -                                       CV 15-1818 (JMA) (AKT)

SUFFOLK COUNTY, SUFFOLK COUNTY
POLICE DEPARTMENT, DETECTIVE
JOHN NEWTON, DETECTIVE
CHRISTOPHER TALT, DETECTIVE
SERGEANT JOHN DIFFLEY, CHIEF
EDWARD WEBER, OFFICER "JOHN DOE"
said name being fictitious as the
officer's name is unknown, OFFICER
"TOM DOE" as name being fictitious as the
officer's name is unknown,

                                 Defendants.
-------------------------------------------------------------X

A. KATHLEEN TOMLINSON, Magistrate Judge:

**I.       PRELIMINARY STATEMENT**

Plaintiff David Cortes has moved this Court pursuant to Rule 15(a) of the Federal Rules of Civil Procedure for leave to file an Amended Complaint to: (1) "amend the cause of action to more properly plead the 'monell' claim' [DE 26] and (2) to remove the "John Doe" defendants.[1] For the reasons set forth below, Plaintiff's motion is GRANTED, in part, DENIED, in part.

Plaintiff commenced this action seeking damages pursuant to the United States Constitution and 42 U.S.C. § 1983 for the deprivation of his rights under the Fourth and Eighth

---

[1]    Defendants do not object to amendment of the complaint to remove the John Doe defendants from the action and have proposed submission of a stipulation of dismissal to be "So Ordered."

1

Amendments to the United States Constitution arising out of injuries he sustained in the course of his arrest on April 17, 2012. *See* Compl. ¶ 13-14 [DE 1].

Plaintiff alleges that he suffered severe injuries, including a broken leg, at the hands of the arresting officers. Compl. ¶ 14.  In addition to claims for violation of Plaintiff's constitutional rights, the Complaint asserts causes of action for assault and battery and violation of State and County laws to be free from unnecessary and wanton force during the arrest. *Id.*, ¶¶ 22, 26, 32. The Complaint names individual defendants Detective Sergeant John F. Diffley, Detective John Newton, Detective Christopher Talt and Police Chief Edward Weber, as well as the Suffolk County Police Department and Suffolk County.  *Id.*, ¶¶ 5-12.

## II.   THE PARTIES' CONTENTIONS

On May 2, 2016, Plaintiff filed the instant motion, seeking leave to file an Amended Complaint to: (1) "amend the cause of action to more properly plead the 'monell' claim" and (2) to remove the "John Doe" defendants.  *See* DE 26.  The Proposed Amended Complaint, attached to Plaintiff's motion [DE 26-1; Prop. Am. Compl.], drops all claims against officers John Doe and Tom Doe.  It also purports to add factual allegations to previously asserted claims against the Suffolk County Police Department and Suffolk County (collectively, the "County Defendants"), arising out of the County Defendants'

- failure to require that policies be adhered to regarding reporting of incidents involving injuries to those being arrested [Prop. Am. Compl. ¶ 28];
- failure to sufficiently supervise investigations as regards the use of excessive force by members of the department [*id.*];

- discriminatory policies providing for different procedures to be followed for injuries to police officers versus non-employees [*id*., ¶ 29]; and

- failure to enforce existing policies [*id.*].

According to Plaintiff's counsel, Dennis Biancanello, Esq., Plaintiff Cortes' claim is that "the Internal Investigation done here as part of departmental control over its employees was so inadequate and/or ineffective as to be meaningless." Affirmation of Dennis Biancanello, Esq. in Support of Plaintiff's Motion to Amend ("Biancanello Aff.") [DE 26], ¶ 14, attached to Plaintiff's Notice of Motion. Additionally, Plaintiff argues that "for the investigation to be conducted [in] such a manner despite review while ongoing and then upon completion suggests a [*sic*] unofficial policy and/or accepted practice in how investigations are handled when the target is a member of the defendant police department as opposed to an accused criminal." *Id.* It is Plaintiff's position that (1) there were policies in place regarding how complaints of excessive force were to be handled and how much force should be used; (2) these policies were disregarded; and (3) no action was taken when the policies were disregarded. *Id*., ¶¶ 9(O), (P), (Q), 12, 14-15.

Defendants consent to Plaintiff's proposed amendment regarding claims against John and Tom Doe. However, with respect to Plaintiff's proposed amendment to "more properly plead the 'monell' claim" against the Suffolk County Police Department and Suffolk County, Defendants argue that any such amendment would be futile, and, consequently, the motion should be denied. *See* Defendants' Memorandum of Law in Opposition to Plaintiff's Motion to Amend ("Defs.' Mem.") at 4, annexed as Ex. 5 to Declaration of Kyle Wood, Esq. in Opposition to the Motion to Amend ("Wood Decl.") [DE 27]. Defendants also oppose Plaintiff's assertion of additional

3

claims on the grounds that these claims are barred by the applicable statute of limitations. Defs.' Mem. at 7.  Plaintiff has argued only that no prejudice or undue delay will result from the filing of the amended complaint. Plaintiff's Memorandum of Law in Support of Motion to Amend ("Pl.'s Mem.") [DE 26] at 4-5, attached to Not. of Mot.  However, Plaintiff has not addressed the purported futility of the amendment, nor has Plaintiff file a reply brief.   Defendants, on the other hand, have not argued that they will be prejudiced by the amendment.

### III.    STANDARD OF REVIEW

Rule 15(a) of the Federal Rules of Civil Procedure provides that

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . .  Otherwise a party may amend the party's pleadings only by leave of court or by written consent of the adverse party; and leave shall be freely given as justice so requires.

Fed. R. Civ. P. 15(a); *see also Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 259 (2d Cir. 2002); *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991).  Leave to amend should be denied only because of undue delay, bad faith, futility, or prejudice to the non-moving party, and the decision to grant or deny a motion to amend rests within the sound discretion of the district court. *Aetna Cas. and Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 603-04 (2d Cir. 2005); *Dougherty v. Town of North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 87 (2d Cir. 2002); *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995).  A court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a); *Iqbal v. Ashcroft*, 574 F.3d 820, 822 (2d Cir. 2009) (*quoting* Fed. R. Civ. P. 15(a)); *Grace v. Rosenstock*, 228 F.3d 40, 56 (2d Cir. 2000) (same); *Guideone Speciality Mut. Ins. Co. v. Hapletah*, No. 05 Civ. 1401, 2006 U.S. Dist. LEXIS 33003, 2006 WL 1455468, at *1 (E.D.N.Y. May 24, 2006) (Rule 15(a) "provides for a liberal

amendment of pleadings."). "Amendments are generally favored because they tend to facilitate a proper decision on the merits." *MHANY Mgmt. v. Cnty. of Nassau*, 843 F. Supp. 2d 287, 340 (E.D.N.Y. 2012); *Allstate Ins. Co. v. Elzanaty*, 916 F. Supp. 2d 273, 302 (E.D.N.Y. 2013) (same) (*citing Sokolski v. Trans Union Corp.*, 178 F.R.D. 393, 396 (E.D.N.Y. 1998)).

This liberal standard only requires that the movant provide "colorable grounds" for the relief sought. *See UMG Recordings, Inc. v. Lindor*, No. CV-05-1095, 2006 WL 3335048, at *2 (E.D.N.Y. Nov. 9, 2006); *Alkhatib v. New York Motor Group, LLC*, No. CV 13-2337, 2015 WL 3507340, at *7 (E.D.N.Y. June 3, 2015) ("If the movant has at least colorable grounds for relief, justice . . . requires that the court grant leave to amend the complaint.") (*quoting Sokolski*, 178 F.R.D. at 396); *Fiske v. Church of St. Mary of the Angels*, 802 F. Supp. 872, 877 (W.D.N.Y. 1992). However, where a proposed amendment is clearly frivolous or advances a claim that has no merit, the amendment is considered futile and will be rejected. *See UMG*, 2006 U.S. Dist. LEXIS 83486, 2006 WL 3335048, at *2; *Slavin v. Benson*, 493 F. Supp. 32, 33 (S.D.N.Y. 1980). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Panther Partners, Inc. v. Ikanos Communications, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012); *see Lotito v. Recovery Associates Inc.*, No. 13-CV-5833, 2014 WL 4659464, at *9 (E.D.N.Y. Sept. 17, 2014); *Sodhi v. Mercedes Benz Fin. Servs., USA, LLC,* 957 F. Supp. 2d 252, 255 (E.D.N.Y. 2013) ("A proposed amendment would be futile when it would not survive a 12(b)(6) motion to dismiss."). It is the opposing party who bears the burden to establish that an amendment would indeed be futile. *See Balk v. NYIT*, No. CV 11-5109, 2013 WL 6990767, at *5 (E.D.N.Y. Sept. 13, 2013); *Alkhatib*, 2015 WL 3507340, at *7; *Blaskiewicz v. Cnty. of Suffolk,*

29 F. Supp. 2d 134, 137-38 (E.D.N.Y. 1998) (*citing Harrison v. NBD Inc.*, 990 F. Supp. 179, 185 (E.D.N.Y. 1988)).

In assessing whether the proposed amendment asserts colorable grounds for relief, a court "is required to adopt the same analysis as applied on a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the [Federal Rules of Civil Procedure]." *UMG,* 2006 WL 3335048, at *2; *Balk*, 2013 WL 6990767 at *5. Therefore, in deciding whether an amended pleading asserts colorable claims or defenses, the court "is required to accept the material facts alleged in the amended [pleading] as true and draw reasonable inferences in the [movant's] favor." *Alkhatib,* 2015 U.S. Dist. LEXIS 72055, 2015 WL 3507340, at *7 (*quoting Mendez v. U.S. Nonwovens Corp.*, 2 F.Supp. 3d 442, 451 (E.D.N.Y. 2014)); *see Panther Partners, Inc.*, 681 F.3d at 119 ("In assessing whether the proposed [amended] complaint states a claim, [courts] consider the proposed amendments along with the remainder of the complaint, . . . accept as true all non-conclusory factual allegations therein, and draw all reasonable inferences in plaintiff's favor to determine whether the allegations plausibly give rise to an entitlement to relief.").

In performing this analysis, a court is not required to make a final determination on the merits of a proposed claim or defense, but instead, must only "satisfy itself that [the claim or defense] is colorable and not frivolous." *UMG*, 2006 WL 3335048, at *2 (*quoting T&N PLC v. Fred S. James & Co. of New York*, 1991 WL 190581, at *2 (S.D.N.Y. Sept. 16, 1991)). Therefore, the moving party "is not required to 'establish a probability it would prevail on the merits in order for the court to grant its motion to amend . . . [i]nstead . . . defendant is merely required to assert proposed amendments which are not frivolous on their face.'" *UMG*, 2006 WL 3335048, at *2 (*quoting T&N PLC*, 1991 WL 190581).

## IV. DISCUSSION

### A. Proposed Amended Claims Against Suffolk County Police Department

As a threshold matter, to the extent Plaintiff seeks to amend the complaint to assert a claim against Defendant Suffolk County Police Department, that request is denied because the proposed amendment would be futile. It is well settled that an administrative arm of a municipality, such as the police department, is not a separate entity and cannot be sued under New York law. *See, e.g., Martinez v. Cnty. of Suffolk,* 999 F. Supp. 2d 424, 429 (E.D.N.Y. 2014) (dismissing Section 1983 claim against Suffolk County Police Department) (citing cases); *Stewart v. Cnty. of Nassau*, No. 12 Civ. 0320, 2014 WL 204615, at *3 (E.D.N.Y. Jan. 17, 2014) (quoting *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) (dismissing claims against White Plains Department of Public Safety where claims also asserted against municipality)); *Harris v. Nassau Cnty. Police Dep't, Detective Div.,* No. CV 06-5586, 2006 *U.S. Dist.* LEXIS 96332 (E.D.N.Y. Dec. 6, 2006) (dismissing Section 1983 claim against Nassau County Police Department). Accordingly, Plaintiff's motion to Amend the Complaint is denied to the extent it seeks to "more properly plead" claims against Defendant Suffolk County Police Department.

### B. Proposed Amended Claims Against Suffolk County

Next, the Court must consider whether Plaintiff should be permitted to amend his claims against Suffolk County. Defendants contend that in the Proposed Amended Complaint, Plaintiff seeks to "recast his pleadings to include a claim that the Internal Affairs investigation was not procedurally proper as a theory of municipal liability under § 1983." Defs.' Mem. at 4. According to Defendants, these allegations do not support liability under § 1983 because Plaintiff

7

"has no evidence that the actions of the individual defendants establish the existence of a municipal policy, as this alleged misconduct involves a single investigation allegedly committed by an actor below the policy making level." Defs.' Mem. at 5. Further, Defendants argue that there is no evidence in the record establishing deliberate indifference on the part of the County, and, as a result, these allegations are conclusory and the proposed amendment would be futile. *Id*. at 6.

"Boilerplate assertions that a municipality has a custom or policy resulting in a constitutional deprivation of the plaintiff's rights are insufficient" to make out a *Monell* claim. *Bohmer v. New York,* No. 06 Civ. 11370, 2011 WL 2651872, at *3 (S.D.N.Y. June 21, 2011) (*citing Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993), *overruled on other grounds by Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993)). "Although there is no heightened pleading requirement for complaints alleging municipal liability under § 1983, a complaint does not 'suffice if it tenders naked assertion[s] devoid of further factual enhancement.'" *McLennon v. City of New York*, 171 F. Supp. 3d 69, 94 (E.D.N.Y. 2016)(*quoting Green v. City of Mount Vernon*, 96 F. Supp. 3d 263, 301-02 (S.D.N.Y. 2015)); *see Nance v. City of New York*, No. 09-CV-2786, 2011 WL 2837491, at *3 (E.D.N.Y. July 14, 2011) (dismissing a municipal liability claim under Rule 12(b)(6) where the plaintiff "trot[ted] out the magic words from Monell — 'practice, policy, and custom' — without providing a shred of factual support for her claim aside from a general allusion to 'statistic[s]'" about similar occurrences).

"Section 1983 provides a private right of action against any person who, acting under color of state law, causes another person to be subjected to the deprivation of rights under the

8

Constitution or federal law." *Curcio v. Roosevelt Union Free Sch. Dist.*, No. 10 Civ. 5612, 2012 WL 3646935, at *22 (E.D.N.Y. Aug. 22, 2012) (*quoting Blyden v. Mancusi*, 186 F.3d 252, 264 (2d Cir. 1999)). "Therefore, a Section 1983 claim has two essential elements: (1) the defendant acted under color of state law, and (2) the plaintiff suffered a denial of his federal statutory rights, or his constitutional rights or privileges as a result of the defendant's actions." *Herzlich v. Nassau B.O.C.E.S.*, No. 12 Civ. 220, 2013 WL 5406607, at *5 (E.D.N.Y. Aug. 26, 2013), *adopted by* 2013 WL 5406607 (E.D.N.Y. Sept. 23, 2013) (*citing Annis v. Cnty. of Westchester,* 136 F.3d 239, 245 (2d Cir. 1998); *Quinn v. Nassau Cnty. Police Dep't,* 53 F. Supp. 2d 347, 354 (E.D.N.Y. 1999) (Section 1983 "furnishes a cause of action for the violation of federal rights created by the Constitution.") (citation omitted)

Under *Monell*, a municipality is liable under Section 1983 only if "its policy or custom, whether by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the complained of injury." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). The failure to train or supervise police officers may serve as a basis for municipal liability under Section 1983 only where "the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989). However, "a prerequisite to municipal liability under *Monell* is an underlying constitutional violation by a state actor." *Claudio v. Sawyer*, 675 F. Supp. 2d 403, 408 (S.D.N.Y. 2009). In fact, the Second Circuit has instructed:

> Monell does not provide a separate cause of action for the failure by the government to train its employees; it extends liability to a municipal organization where the organization's failure to train, or the policies or

9

customs that it has sanctioned, led to an independent constitutional violation.

*Segal v. City of N.Y.*, 459 F.3d 207, 219 (2d Cir. 2006). *See Simms v. City of New York*, 480 F. App'x 627, 629 (2d Cir. 2012) (to properly allege liability under § 1983, "the plaintiff must 'demonstrate that, through its deliberate conduct, the municipality [itself] was the moving force behind the alleged injury'" (*quoting Roe v. City of Waterbury*, 542 F.3d 31, 37 (2d Cir. 2008)).

"A plaintiff can establish an official policy or custom by showing any of the following: (1) a formal policy officially endorsed by the municipality; (2) actions or decisions made by municipal officials with decision-making authority; (3) a practice so widespread that it constitutes a custom of which policymakers must have been aware; or (4) a failure by policymakers to properly train or supervise their subordinates, such that the policymakers exercised 'deliberate indifference' to the rights of the plaintiff and others encountering those subordinates." *McLennon*, 171 F. Supp. 3d at 94. However, municipalities are not liable under a theory of respondeat superior solely on account of a municipal employee's commission of a tort. *Id.* (*citing Monell*, 436 U.S. at 691). Indeed, "Section 1983 'distinguish[es] acts of the municipality from acts of employees of the municipality,' and imposes liability only for 'action for which the municipality is *actually responsible*.'" *Id.* (*citing Pembaur v. City of Cincinnati*, 475 U.S. 469, 479, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986)) (emphasis in original).

Plaintiff attempts to sustain a *Monell* claim through Suffolk County's alleged failure to properly investigate complaints against its police officers and to take appropriate action against them for alleged excessive force.  In the Proposed Amended Complaint, Plaintiff does no more than allege in the most conclusory terms that the Police Department did not follow policies regarding the investigation of claims of excessive force. Prop. Am. Compl. ¶ 28.  In the Biancanello Aff., Plaintiff explains that this allegation is based upon evidence demonstrating that the internal investigation took one year to complete and was not as thorough as Plaintiff argues it should have been.  Biancanello Aff. ¶¶ 4-6.  But one isolated instance of failure to follow policy is inadequate to impose liability under *Monell*.  *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24, 105 S. Ct. 2427, 85 L. Ed. 2d 791 (1985); *Maragh v. City of New York*, No. 11-CV-1749, 2012 WL 1745349, at *5 (E.D.N.Y. May 16, 2012) ("A 'single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy'" (*quoting Ricciuti v. New York City Tr. Auth.*, 941 F.2d 119, 123 (2d Cir. 1991))).

Plaintiff has identified a number of alleged deficiencies in the internal investigation report process.  However, Plaintiff has not alleged how these deficiencies violated his constitutional rights.  Unlike *Moroughan v. Cnty. of Suffolk*, 99 F.Supp. 3d 317 (E.D.N.Y. 2015), where the alleged policy of covering up police misconduct led directly to plaintiff's arrest, here, the investigation took place over the course of a year subsequent to Plaintiff's alleged injury.  The Proposed Amended

Complaint does not allege that these deficiencies in the investigation were the cause of Plaintiff's injuries.

Here, Plaintiff has not alleged that the events purportedly causing his injuries were carried out pursuant to a formal policy officially endorsed by the municipality and he does not allege that the conduct was carried out by County officials with decision-making authority. Rather, Plaintiff contends that his alleged injuries occurred as a result of a course of conduct whereby police officers are permitted to arbitrarily exert unreasonable force against civilians without fear of consequences because the policies put in place to prevent this use of force are not adhered to. "[T]he mere assertion . . . that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference." *Zahra*, 48 F.3d at 685. "Put another way, conclusory allegations of a municipal custom or practice of tolerating official misconduct are insufficient to demonstrate the existence of such a custom unless supported by factual details." *Donohue v. Manetti*, No. 15-CV-636, 2016 WL 740439, at *6 (E.D.N.Y. Feb. 24, 2016).

Plaintiff's conclusory allegations of a Suffolk County policy, practice, or custom giving rise to liability fall well short. The conduct described by Plaintiff is reflects a single incident, and does not "support the inference that the same or similar conduct is occurring on such a widespread basis as to imply the constructive acquiescence of senior policymaking officials." *Stratakos v. Nassau Cnty.*, No. CV 15-7244, 2016 WL 6902143, *4 (E.D.N.Y. Nov. 23, 2016). Accordingly, Plaintiff's

motion to Amend the Complaint is denied to the extent is seeks to "more properly plead" claims against Defendant Suffolk County because the propsed amendment would but futile.

### IV. CONCLUSION

In view of the foregoing findings, Plaintiff's motion to amend is GRANTED to the extent it seeks to remove officer John Doe and officer Tom Doe from the action. The parties are directed to submit a Stipulation of Dismissal to be "So Ordered" within ten days from the date of this Order.

Plaintiff's motion to amend the complaint "to more properly plead 'monell' claims" with respect to the County Defendants is DENIED.

**SO ORDERED.**

Dated: Central Islip, New York
 March 31, 2017

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge